UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY WEST,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PATRICK WITHROW, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:25-cv-0537-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county inmate proceeding pro se, has requested leave to proceed *in forma pauperis* and has submitted an affidavit in support of his application, as required by 28 U.S.C. § 1915(a)(1). ECF No. 6.

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). This court also requires a $55 administrative fee. An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

A prisoner seeking leave to proceed *in forma pauperis* must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the court

1

1  assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past
2  six months, or (b) the average monthly balance in the account for the past six months, whichever
3  is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v.*
4  *Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed *in forma pauperis* must pay any
5  remaining balance in "increments" or "installments," regardless of whether their action is
6  ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

   Plaintiff's affidavit indicates that he has $4,675.62 in his inmate trust account.  ECF No. 6 at 2.  He states that he has no persons dependent on him for support.  *Id.*  While the Ninth Circuit has held that "the filing fee . . . should not take the prisoner's last dollar," *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995), the information provided by plaintiff reflects that he has sufficient funds to prepay the full $405 filing fee to commence this action and will have adequate funds left over for any incidental personal or commissary expenses.  *See, e.g.*, *Thomas v. Okwanoko*, No. 1:23-cv-0027-EPG (PC), 2023 WL 3571144, at *1 (E.D. Cal. Apr. 27, 2023) (noting the prisoner's failure to explain the money he received from other sources in the previous twelve months and recommending *in forma pauperis* be denied because he "received more than enough funds to pay the filing fee prior to filing this case"); *Hammler v. Dignity Health*, No. 1:20-cv-1778-JLT-HBK, 2022 WL 206757, at *2 (E.D. Cal. Jan. 24, 2022) ("A court need not authorize a party to proceed in forma pauperis where that individual had the funds to pay the filing fee, but subsequently chose to spend them elsewhere").

   Based on plaintiff's averments, I find that he has failed to demonstrate that he has insufficient assets to pay the filing fee and costs and provide the necessities of life to himself.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life.").

   Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge this matter.

   Further, it is hereby RECOMMENDED that:

   1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, be denied.

     2. Plaintiff be given twenty-one days from the date of any order adopting these findings and recommendations to pay the filing fee of $405.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 21, 2025                                                             
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE