UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY WEST,<br>Plaintiff,<br>v.<br>MA DEL CARMEN PLOSSER, *et al.*,<br>Defendants. | Case No. 2:25-cv-0537-DJC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff who, at the time relevant to this action was a pretrial detainee, alleges that the named defendants violated his Fourteenth Amendment right to adequate medical care. Defendants filed an answer on February 3, 2026. ECF No. 25. Now, plaintiff has filed a motion to strike affirmative defenses, ECF No. 31, and defendants have filed an opposition thereto, ECF No. 32. Plaintiff has not filed a reply, and the deadline for doing so has passed. His motion should be, for the reasons stated below, granted in part.

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Affirmative

defenses may be struck as insufficient "as a matter of pleading or as a matter of law." *Harris v. Chipotle Mexican Grill, Inc.,* 303 F.R.D. 625, 627-28 (E.D. Cal. 2014) (citing *Dodson v. Strategic Restaurants Acquisition Co*., 289 F.R.D. 595, 603 (E.D. Cal. 2013)). "Legal insufficiency means that the affirmative defense lacks merit under any set of facts the defendant might allege . . . . Pleading insufficiency means a failure to provide the plaintiff with fair notice." *Dodson*, 289 at F.R.D. at 603 (internal citations omitted). Broad motions to strike are generally disfavored. *United States v. Gibson Wine Co.*, No. 1:15-cv-1900, 2016 U.S. Dist. LEXIS 55053, at * 11 (E.D. Cal. Apr. 25, 2016).

Here, plaintiff seeks to strike fourteen affirmative defenses. I will address them in the order presented by plaintiff.

I. Failure to State a Claim

Defendants first affirmative defense is that the complaint fails to state a viable cause of action. ECF No. 25 at 7. Plaintiff seeks to strike this defense as legally insufficient and argues that courts routinely strike such defenses. ECF No. 31 at 7. I agree that this is not an affirmative defense and recommend striking it. *See Joe Hand Promotions, Inc. v. Estrad*a, No. 1:10-cv-02165-OWW-SKO, 2011 U.S. Dist. LEXIS 61010, *5 (E.D. Cal. June 7, 2011) (citing *Boldstar Tech., LLC v. Home Depot, Inc*., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

II. Comparative Negligence of Plaintiff and Others

Defendants second and third defenses are that plaintiff's injuries are attributable in whole or in part, to plaintiff and other, non-defendant persons and entities. ECF No. 25 at 8. Plaintiff is correct that "[c]oncepts of comparative fault or indemnification are not applicable in actions filed under 42 U.S.C. § 1983." *Miller v. Schmitz*, No. 1:12-cv-0137 LJO SAB, 2013 U.S. Dist. LEXIS 152491, *15 (E.D. Cal. Oct. 23, 2013). I recommend striking these defenses as well.

III. Assumption of Risk

As the fourth affirmative defense in their answer, defendants have advanced the express

assumption of risk, writing that "[p]laintiff expressly assumed the risk of injury with full knowledge and appreciation of such conduct was the legal cause of any injuries and damages." ECF No. 25 at 8. I agree with plaintiff that assumption of risk is inapplicable to section 1983 claims and recommend striking this defense. *See Vargas v. Cnty. of Yolo*, No. 2:15-CV-02537-TLN-CKD, 2016 U.S. Dist. LEXIS 94793, *23 (E.D. Cal. Jul. 19, 2016) ("[T]he Court agrees that assumption of the risk is not applicable to §1983 claims . . . .").

IV. State Law Immunity

The next affirmative defense at issue, numbered six in the answer, is that all of plaintiff's claims and damages are barred by California Civil Code § 1714.8. ECF No. 25 at 9. Plaintiff argues that this defense is preempted by the Supremacy Clause. ECF No. 31 at 8-9. Defendants argue that they advanced this defense:

> to provide fair notice, with no Prejudice to Plaintiff, that any future amendment to the Complaint to allege professional negligence would inevitably fall under the Medical Injury Compensation Reform Act, otherwise known as "MICRA" as this Court could exercise supplemental jurisdiction under 28 USC §1367 to hear such a claim, when the operative Complaint already has alleged allegations that the care and treatment Plaintiff received from these Defendants was allegedly below the standard of care.

ECF No. 32 at 5. It may be that this defense could be applicable to a hypothetical future, amended complaint, but it has no bearing on the claims as they stand. Accordingly, I recommend striking this defense as well.

V. Limitation on Non-Economic Damages

The rationale for this defense, number seven in the answer, is effectively the same as the foregoing defense that relies on California Civil Code §1714.8. ECF No. 25 at 9. This defense relies on California Civil Code § 3333.2, and, in their opposition, defendants state that they advanced it to:

> provide fair notice, with no Prejudice to Plaintiff, that any future amendment to the Complaint to allege professional negligence would inevitably fall under the MICRA as this Court could exercise supplemental jurisdiction under 28 USC §1367 to hear such a claim, when the operative Complaint already has alleged allegations that the care and treatment Plaintiff received from these Defendants was allegedly below the standard of care.

ECF No. 32 at 6. I recommend striking this defense for the same reasons identified in the previous section addressing state law immunity.

VI. Admissibility and Payment of Benefits

Once again, defendants assert that these defenses, numbers eight and nine in the answer, ECF No. 25 at 9, are being advanced to:

> provide fair notice, with no Prejudice to Plaintiff, that any future amendment to the Complaint to allege professional negligence would inevitably fall under the MICRA as this Court could exercise supplemental jurisdiction under 28 USC §1367 to hear such a claim, when the operative Complaint already has alleged allegations that the care and treatment Plaintiff received from these Defendants was allegedly below the standard of care.

ECF No. 32 at 7. I recommend striking these defenses for the same reasons advanced in section four and five above.

VII. Excessive Fines

In their tenth affirmative defense, defendants assert that the Constitution protects them from "excessive fines" as provided in the Eighth Amendment. ECF No. 25 at 9-10. But this affirmative defense applies only to "fines directly imposed by, and payable to, the government." *Browning-Ferris Indus. v. Kelco Disposal*, 492 U.S. 257, 268 (1989) ("In short, nothing in English history suggests that the Excessive Fines Clause of the 1689 Bill of Rights, the direct ancestor of our Eighth Amendment, was intended to apply to damages awarded in disputes between private parties. Instead, the history of the Eighth Amendment convinces us that the Excessive Fines Clause was intended to limit only those fines directly imposed by, and payable to, the government."). I recommend striking this defense.

VIII. Failure to Exhaust Administrative Remedies

Plaintiff, through his motion to strike, seeks to argue whether defendants have carried their burden of proving non-exhaustion and whether administrative remedies were available to him. ECF No. 31 at 13. I decline to recommend striking this defense. "Failure to exhaust administrative remedies is a proper affirmative defense . . . . While Defendant has the burden of demonstrating failure to exhaust administrative remedies, that burden is not a basis to strike the affirmative defense." *Baker v. Shahbazian*, No. 1:24-CV-01279-HBK, 2025 U.S. Dist. LEXIS

227981, *9-10 (E.D. Cal. Nov. 18, 2025). This motion to strike is not the vehicle to litigate the availability of administrative remedies or whether they have been exhausted.

IX. Qualified Immunity

Plaintiff argues that defendants have not shown that they are entitled to their affirmative defense of qualified immunity. ECF No. 31 at 14-16. I decline to recommend striking this defense for the same reasons stated in the foregoing section regarding failure to exhaust. *Spencer v. Carlson*, No. 1:19-cv-01615-DAD-HBK, 2022 U.S. Dist. LEXIS 56364, *4 (E.D. Cal. Mar. 28, 2022) ("While Defendant has the burden of demonstrating qualified immunity, that burden is not a basis to strike the affirmative defense."). Defendants may attempt to satisfy their burden in future motions and, in response thereto, plaintiff may raise his arguments as to why qualified immunity does not apply.

X. Not Acting Under Color of State Law

Plaintiff's basis for requesting to strike this affirmative defense is, effectively, that all defendants *were* acting under color of state law. ECF No. 31 at 11. I decline to recommend striking this defense. The defense, if proven, would preclude plaintiff's claims and it provides fair notice to him. A motion to strike is not the proper venue for arguing the merits. *Wildflower Brands Inc*., No. 2:22-cv-09044-MCS-PLA, 2023 U.S. Dist. LEXIS 55730, at * 4 (C.D. Cal. Feb. 24, 2023) ("Plaintiff effectively seeks an adjudication of the merits of the affirmative defense. This Rule 12(f) motion is not the appropriate vehicle for such a challenge.").

XI. Conformance with Statutes and Standards and Statute of Limitations

For the same reasons stated in the foregoing section, I decline to recommend striking defendants' defense that: (1) their conduct conformed to all statutes, regulations, and standards of care; and (2) that the statute of limitations bars this action. ECF No. 25 at 11. Again, if it is proven that all applicable standards of care were met, plaintiff's claims would be meritless. Similarly, if it is proven that the claims were brought after the applicable statute of limitations, then the claims would be precluded. The ultimate merits of these defenses are not at issue in this motion to strike.

I agree with plaintiff that the inclusion of Code of Civil Procedure section 340.5 in this

defense appears inapplicable currently, but its unnecessary inclusion does not, standing alone, warrant striking the entire defense because it does not prejudice plaintiff in any way.

Accordingly, it is RECOMMENDED that plaintiff's motion to strike, ECF No. 31, be GRANTED in part, and defenses numbers one, two, three, four, six, seven, eight, nine, and ten in the answer, ECF No. 25, be struck. The motion should be DENIED in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE